

July 14, 2025

Thomas F. Quinn
973.735.6036 (direct)
Thomas.Quinn@wilsonelser.com

**VIA ECF**
Honorable Georgette Castner, U.S.D.J.
United States District Court for the District of New Jersey
Clarkson S. Fisher Building & U.S. Courthouse
402 East State Street
Trenton, NJ 08608

   Re: **Andriola v. PKFOD Holdings, LLC., *et al.***
      Civil Action No.: 3:25-cv-01908-GC-JBD
      WEMED No.:  11077.00191

Dear Judge Castner:

  We represent Defendants, PKFOD Holdings LLC, PKF O'Connor Davies, LLP, and PKF O'Connor Davis Advisory, LLC (together, "Defendants" or "PKFOD"), in connection with the above-referenced matter, which is a dispute arising out of Plaintiff's role as a PKFOD "Partner.". Defendants respectfully request a pre-motion conference to discuss whether Plaintiff will agree to arbitrate this dispute. Otherwise, Defendants respectfully seek permission from the Court to file a Motion Stay or Dismiss the Complaint in favor of compelling arbitration.

  Plaintiff filed his complaint in this action on March 17, 2025. Plaintiff also previously commenced a False Claims Act *qui tam* lawsuit in July 2023.[1] Plaintiff contends that after PKFOD was contacted by defense counsel in the False Clams Act lawsuit in December 2024, PKFOD unfairly took adverse employment actions against him, suspending him without pay in January 2025. Plaintiff thus sues under 31 U.S.C.§3730(h), contending that he was retaliated against by Defendants because of the False Claim Act lawsuit he filed against one of PKFOD's former clients. He also asserted certain New Jersey state law statutory and common law causes of action.

  A few weeks before PKFOD was contacted about the *qui tam* case, on November 10, 2024, the Plaintiff entered into a Partner Services Agreement (the "Agreement") with Defendant PKFOD Holdings, LLC. This Agreement governed the terms and conditions for Plaintiff to provide services to and on behalf of PKFOD Holdings, LLC and its direct and indirect

---

[1] This lawsuit is styled United States of America, ex rel. CLIP LLC v. Ferriera Construction Co., Docket 3:23-CV-0384-GC-JBD and is assigned to this Honorable Court.

7 Giralda Farms, Suites 100/110  |  Madison, NJ 07940  |  p 973.624.0800  |  f 973.624.0808  |  wilsonelser.com

Albany, NY  |  Atlanta, GA  |  Austin, TX  |  Baltimore, MD  |  Beaumont, TX  |  Birmingham, AL  |  Boston, MA  |  Charlotte, NC  |  Chicago, IL  |  Dallas, TX  |  Denver, CO
Detroit, MI  |  Edwardsville, IL  |  Madison, NJ  |  Garden City, NY  |  Hartford, CT  |  Houston, TX  |  Jackson, MS  |  Las Vegas, NV  |  London, England  |  Los Angeles, CA
Louisville, KY  |  McLean, VA  |  Merrillville, IN  |  Miami, FL  |  Milwaukee, WI  |  Nashville, TN  |  New Orleans, LA  |  New York, NY  |  Orlando, FL  |  Philadelphia, PA  |  Phoenix, AZ
Raleigh, NC  |  San Diego, CA  |  San Francisco, CA  |  Sarasota, FL  |  Seattle, WA  |  Stamford, CT  |  St. Louis, MO  |  Washington, DC  |  West Palm Beach, FL  |  White Plains, NY



July 14, 2025
Page 2

subsidiaries[2] as a "Partner." It included compensation and bonus terms and a detailed Termination Section. It included in Paragraph 15 a "WAIVER OF JURY TRIAL" provision that was in all capital letters. In addition, Section 14(b) of the Agreement ("Arbitration Clause") states that,

> 14.    Governing Law; Jurisdiction
>
> (b)    Each of the parties irrevocably and unconditionally agrees that in the event any controversy or claim arising out of this Agreement cannot be settled between the parties to the satisfaction of the parties, such controversy or claim shall be settled by arbitration before a single arbitrator administered in accordance with the then current Employment Arbitration Rules of the American Arbitration Association (the "Arbitration Rules"). No legal measures shall be taken except to enforce such arbitration and the award of the arbitrator . . . Each of the parties agree that the arbitrator shall have the power to award specific performance or injunctive relief to any party in any such arbitration. Each party shall bear its own costs and expenses and an equal share of the arbitrator's and administrative fees of arbitration, unless otherwise provided by the Arbitration Rules or determined by the arbitrator . . .

The clear wording of Section 14(b), which notes that "[n]o legal measures shall be taken except to enforce such arbitration and the award of the arbitrator," conclusively establishes the parties' consensual understanding that they were waiving their right to litigate employment disputes in a court of law. Under section 14(b) and the jury trial waiver in Section 15, Plaintiff has knowingly waived his right to a jury trial by signing the Agreement. See Harper v. Amazon.Com Servs. Inc., 2022 U.S. Dist. LEXIS 228118, at *30 (D.N.J., Dec. 19, 2022) (quoting Jaworski v. Ernst & Young U.S. LLP, 441 N.J. Super. 464, 119 A.3d 939, 950 (App. Div. 2015), which upheld an arbitration clause stating just that the parties would not "be able to sue in court," rejecting the argument that more specificity was required).

Plaintiff's signing the November 10, 2024 Agreement was part of a substantial PKFOD private equity transaction in which Plaintiff as a PKFOD partner received a substantial payment for his equity interest in PKFOD.

Further, also on November 10, 2024, Plaintiff entered into a distinct and separate agreement with Defendant PKF O'Connor Davies LLP in the form of the PKF O'Connor Davies, LLP Third Amended and Restated Limited Liability Partnership Agreement. This contract addressed his duties as a Partner in PKF O'Connor Davies LLP and in Section 12.15 of the agreement, Plaintiff agreed to arbitrate any controversy or claim relating toe PKF O'Connor

---

[2] Defendant PKF O'Connor Davies Advisory, LLC is an indirect, wholly-owned subsidiary of PKFOD Holdings, LLC.



July 14, 2025
Page 3

Davies LLP.  This provision applied to 'any controversy or claim arising out of this Agreement." Plaintiff has not entered into any direct agreements with PKF O'Connor Davis Advisory, LLC because it is an indirect, wholly-owned subsidiary of PKFOD Holdings, LLC and therefore covered by the Partner Service Agreement between Plaintiff and PKFOD Holdings, LLC.

Lastly, courts outside this Circuit have admittedly refused to compel arbitration when a plaintiff is alleging both a qui tam  and 31 U.S.C.§3730(h) retaliation cause of action against the defendant employer.   However, in Orcutt v. Kettering Radiologists, Inc., 199 F.Supp.2d 746 (S.D. Ohio 2002), Chief Judge Rice distinguished this line of cases and instead followed the holding in Mikes v. Strauss, 897 F.Supp. 805 (S.D.N.Y. 1995) reasoning:

> The Court finds the holding in Mikes to be more persuasive. At the outset, the Court notes that neither the plain text of the whistleblower statute nor the FCA's legislative history clearly indicate that Congress intended for whistleblower claims to be exempt from arbitration agreements. In addition, Plaintiff herein has not brought a qui tam action against her employer for presenting false claims to the government. Rather, she has brought a FCA claim solely in the capacity of an employee who allegedly has been "discharged, demoted, suspended, threatened, harassed, or in any other manner discriminated against in the terms and conditions of employment by his or her employer because of lawful acts done by the employee on behalf of the employee or others in furtherance of an action under [section § 3730]." 31 U.S.C. § 3730(h). In other words, her retaliation claim is not brought as a private representative of government, but in the capacity of an employee. [Id. at 753].

Therefore, Defendants respectfully submit that this Court grant the Defendants request for a pre-motion conference to discuss the possibility of voluntarily going to arbitration or permitting Defendants to proceed to file a Motion to Dismiss or Stay in favor of arbitration, if Plaintiff does not consent.

Respectfully Submitted,

**WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP**

____/s/ Thomas Quinn_____
Thomas F. Quinn, Esq

cc: All Counsel – via Pacer