**SPIRO HARRISON & NELSON**

Eric H. Jaso, Esq.
ejaso@shnlegal.com
363 Bloomfield Avenue, Suite 2C
Montclair, New Jersey 07042
Direct Dial: (973) 310-4026

October 10, 2025

**VIA ECF**
The Honorable Georgette Castner, U.S.D.J.
Unites States District Court
District of New Jersey
Clarkson S. Fisher Building & U.S. Courthouse
402 East State Street
Trenton, NJ 08608

    Re: **Andriola v. PKFOD Holdings, LLC et al.,**
       **3:25-cv-1908-GC-JBD**

Dear Judge Castner:

  This office represents Plaintiff Michael Andriola in the above-captioned lawsuit. Please accept this letter brief, in lieu of a more formal brief, in support of Relator's motion pursuant to Federal Rule of Procedure 15(a)(2) for leave to file a first amended complaint. Prior to filing this Motion, I consulted with counsel for Defendants (Thomas F. Quinn, Esq.) and provided him with a copy of the proposed amended complaint. Mr. Quinn has advised that Defendants do not consent to this motion.

  Plaintiff originally filed this Complaint on March 17, 2025 (the "Complaint"). *See* Docket Entry ("Doc.") 1. This case was assigned to Your Honor as a related case to a pending *qui tam* lawsuit filed by Plaintiff (originally through an LLC)

SHN\962772.1

Hon. Georgette Castner, U.S.D.J.
October 10, 2025
Page 2 of 6

styled *United States ex rel. CLIP LLC v. Ferreira Construction Co.*, Docket No. 3:23-CV-384-GC-JBD (the "Qui Tam Lawsuit"). In short, this case alleges that Defendants (entities comprising the PKFOD accounting firm) suspended and otherwise retaliated against Plaintiff for filing the Qui Tam Lawsuit against certain former clients of PKFOD.

As Your Honor is aware, the parties recently settled the Qui Tam Lawsuit under confidential terms. In connection with that settlement, Plaintiff is obliged to seek to amend the complaint in this case to remove specific identification of specific parties to the Qui Tam Lawsuit and modify the description of his allegations in the Qui Tam Lawsuit to generically state that he "in good faith believed that the Qui Tam Defendants violated the False Claims Act." Accordingly, Plaintiff seeks this Court's leave to file an Amended Complaint. The proposed Amended Complaint, contains no other substantive claims; the only additional substantive factual allegation is that in August 2025 Defendants formally terminated him as an employee and partner. (Final and redlined copies of the proposed Amended Complaint accompany this motion as Exhibits A and B to the Declaration of Eric H. Jaso).

Fed. R. Civ. P. 15(a) provides in pertinent part, "[a] party may amend the party's pleading only by leave of Court or by written consent of the adverse party; and leave shall be freely given when justice so requires." Fed. R. Civ. P. 15(a)(2).

SHN\962772.1

Hon. Georgette Castner, U.S.D.J.
October 10, 2025
Page 3 of 6

The Third Circuit has consistently held that courts are "to freely give leave to amend when justice so requires." *Mullin v. Balicki*, 875 F.3d 140, 149 (3d Cir. 2017). This approach "helps effectuate the general policy embodied in the Federal Rules favoring resolution of cases on their merits." *Id.* (internal quotation marks omitted).

While the decision to allow amendment is within the sound discretion of the district court, a district court abuses that discretion when it denies leave to amend in the absence of "substantial or undue prejudice, . . . bad faith or dilatory motives, truly undue or unexplained delay, repeated failures to cure the deficiency by amendments previously allowed, or futility of amendment." *Lorenz v. CSX Corp.*, 1 F. 3d 1406, 1414 (3d Cir. 1993). Courts have shown a "strong liberality" in allowing amendments under Rule 15(a). *Heyl & Patterson Int'l. v. F.D. Rich Hous., Inc.*, 663 F. 2d 419, 425 (3d Cir. 1981).

None of the factors that might constitute an exception to the rule that leave to amend should be "freely given" are present in this case. There is no bad faith or dilatory motive. As stated, this amendment would replace specific references to individuals and corporate entities who were parties to or otherwise named in the Qui Tam Lawsuit in compliance with the parties' settlement agreement in that case.

Likewise, this amendment would cause no undue prejudice. The action is in its earliest stages, with Defendants having only recently filed a motion to compel arbitration, to which Plaintiff will respond pursuant to the Court's briefing schedule.

SHN\962772.1

Hon. Georgette Castner, U.S.D.J.
October 10, 2025
Page 4 of 6

The parties have not engaged in any discovery. And in any event, the proposed amendment adds nothing to the substantive claims in this case, so has no conceivable effect (much less any prejudicial effect) on the Defendants.

As noted, Defendants have not consented to this proposed amendment. Based on their pending motion to compel arbitration, they may take the position that amendment would be futile on the same grounds. Respectfully, that would put the cart before the horse in this litigation – the Court will decide that issue in due course, and this amendment (again) does nothing to change the substance of either Plaintiff's underlying claims or of Defendants' pending motion.

For these reasons, the interests of justice would plainly be served by allowing Relator to file the proposed Amended Complaint at this time.

We thank Your Honor for considering this matter.

Respectfully Submitted,

SPIRO HARRISON & NELSON

*/s / Eric H. Jaso*
Eric H. Jaso, Esq.
*Attorneys for Plaintiff*
*Michael Andriola*

cc: All Counsel of Record

SHN\962772.1