

October 21, 2025

**Thomas F. Quinn**
973.735.6036 (direct)
Thomas.Quinn@wilsonelser.com

**VIA ECF**
Honorable J. Brendan Day, U.S.M.J.
United States District Court for the District of New Jersey
Clarkson S. Fisher Building & U.S. Courthouse
402 East State Street
Trenton, NJ 08608

      Re:    **Andriola v. PKFOD Holdings, LLC.,** *et al.*
              Civil Action No.:  3:25-cv-01908-GC-JBD
              WEMED No.:     11077.00191

Dear Judge Day:

      We represent Defendants in the above-captioned lawsuit.

      Plaintiff's request to file a first amended complaint does not logically make sense because the initial complaint, a matter of public record, already includes the names of the specific entities that Plaintiff now seeks to redact with "Doe" and "Doe Entities." Instead of the typical practice of amending a complaint with the real names of John Doe parties whom plaintiff originally sued fictitiously, Plaintiff is attempting to do the opposite here. Why?

      Defendants are concerned that Plaintiff's filing of a first amended complaint may cause undue prejudice to Defendants' position, but we are amenable to this filing subject to certain limitations as discussed below.

7 Giralda Farms, Suites 100/110 | Madison, NJ 07940 | p 973.624.0800 | f 973.624.0808 | wilsonelser.com

Albany, NY | Atlanta, GA | Austin, TX | Baltimore, MD | Beaumont, TX | Birmingham, AL | Boston, MA | Charlotte, NC | Chicago, IL | Dallas, TX | Denver, CO
Detroit, MI | Edwardsville, IL | Madison, NJ | Garden City, NY | Hartford, CT | Houston, TX | Jackson, MS | Las Vegas, NV | London, England | Los Angeles, CA
Louisville, KY | McLean, VA | Merrillville, IN | Miami, FL | Milwaukee, WI | Nashville, TN | New Orleans, LA | New York, NY | Orlando, FL | Philadelphia, PA | Phoenix, AZ
Raleigh, NC | San Diego, CA | San Francisco, CA | Sarasota, FL | Seattle, WA | Stamford, CT | St. Louis, MO | Washington, DC | West Palm Beach, FL | White Plains, NY



October 21, 2025
Page 2

Local Civil Rule 5.3, "Confidentiality Orders and Restricting Public Access Under CM/ECF," deals with the issue of sealing or restricting public access to any materials filed with the Court. For instance, Rule 5.3(e) notes that "No dockets shall be sealed." The original complaint already makes it clear to which entities Plaintiff referred, and even filing an amended complaint would not alter this fact. Plaintiff does not need to amend the complaint to remove specific identification of specific parties to the Qui Tam Lawsuit; he could attempt to seal any future materials that he files, albeit he is unlikely to be able to meet to meet the strict the L. Civ, R,5.3 standard which presumes public access to court records.

In addition, Local Civil Rule 5.3(d)(2) notes that, "Any settlement agreement filed with the Court or incorporated into an order shall, absent an appropriate showing under federal law, be deemed a public record and available for public review." As Plaintiff's counsel noted in their Letter Brief for this motion, Plaintiff had recently settled the Qui Tam Lawsuit against the Ferriera entities, which is the apparent basis of this motion. Without reading the settlement terms of that agreement, this defendant cannot verify if the settlement requires the removal of "specific references to individuals and corporate entities who were parties to or otherwise named in the Qui Tam Lawsuit," as Plaintiff's counsel



October 21, 2025
Page 3

wrote. We have asked Plaintiff's counsel for this agreement and that we would abide a protective order, but our request was denied.

We also pointed out that since defendant has a pending motion to compel arbitration, if Plaintiff will agree to it, then the two parties will privately arbitrate the matter and there would be no more public filings in a court of law about the Qui Tam lawsuit, but this suggested resolution was not accepted.

We understand that the liberal Rule 15 standard likely compels the granting of this motion and we are fine with that so long as we are not prejudiced. Specifically, after the first amended complaint is filed, Defendants and the Court will be able to continue to use the actual names of the entities—which are already a matter of public record given Plaintiff's complaint—in future motion filings, pleadings, and other materials filed with the Court and in Court rulings and opinions; Defendants nor the Court will be required to seal records or documents in future motion filings, pleadings, and other materials filed with the Court; and Defendants will not be precluded from conducting discovery related to any specific



October 21, 2025
Page 4

entities that Plaintiff has now identified fictitiously.  If those conditions are part of

the court order, defendant does not oppose the motion to amend.[1]

        Respectfully Submitted,

        **WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP**

        ___/s/ Thomas Quinn_____
        Thomas F. Quinn, Esq

cc:    All Counsel – via Pacer

---

[1] By agreeing to the motion to amend under these conditions, Defendants are not waiving their rights to move to compel production of the Qui Tam settlement agreement in discovery.