**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| MICHAEL ANDRIOLA, C.P.A.<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>PKFOD HOLDINGS, LLC,<br>PKF O'CONNOR DAVIES, LLP, and<br>PKF O'CONNOR DAVIES ADVISORY, LLC,<br><br>　　　　　Defendants. | **Civil Action No. 3:25-cv-01908-GC-JBD** |

---

## BRIEF IN SUPPORT OF DEFENDANTS' MOTION TO SEAL

---

THOMAS F. QUINN, ESQ.
Of Counsel and On the Brief

ELIZABETH R. YANG, ESQ.
On the Brief

325202169v.3

## **TABLE OF CONTENTS**

**Page**

I.    SUMMARY ..................................................................................................1

LEGAL ARGUMENT .............................................................................................1

      PURSUANT TO L. CIV. R. 5.3(C), DEFENDANTS SHOULD BE PERMITTED TO SEAL ALL THE CERTIFICATIONS OF THOMAS R. MANISERO, ESQ. AND PAGES 2-16 OF EXHIBIT B OF THE CERTIFICATION OF JEFFREY GITTLER, CPA. ..........................................................................................1

CONCLUSION ........................................................................................................5

# **TABLE OF AUTHORITIES**

Page(s)

**Cases**

Bertolotti v. AutoZone, Inc.,
  132 F. Supp. 3d 590 (D.N.J. 2015) ........................................................................3

Bright v. Asset Acceptance, Inc.,
  292 F.R.D. 190 (D.N.J. 2013) ................................................................................2

Cipollone v. Liggett Group, Inc.,
  785 F.2d 1108 (3d Cir. 1986),
  *cert denied*, 484 U.S. 976, 108 S. Ct. 487, 98 L. E. 2d 485 (1987) ........................3

Glenmede Trust Co. v. Thompson,
  56 F.3d 476, 487 n.19 (3d Cir. 1995) .....................................................................2

In re Cendant Corp.,
  260 F.3d at 194 .......................................................................................................4

Pansy v. Borough of Stroudsburg,
  23 F.3d 772 (3rd Cir. 1994) ....................................................................................3

Publicker Indus., Inc. v. Cohen,
  733 F.2d 1059 (3d Cir. 1984) .............................................................................3, 4

**Statutes**

31 U.S.C. § 3730(h) ......................................................................................................1

**Rules**

L. Civ. R. 5.3(c) ............................................................................................................1

L. Civ. R. 5.3(c)(2) ........................................................................................................1

L. Civ. R. 7.1 .................................................................................................................1

## I. SUMMARY

Plaintiff, Michael Andriola, C.P.A., ("Plaintiff") filed this lawsuit against Defendants, PKFOD Holdings LLC, PKF O'Connor Davies, LLP, and PKF O'Connor Davis Advisory, LLC, ("PKFOD" or "Defendants"), alleging that PKFOD unlawfully retaliated against Plaintiff as a PKFOD employee and partner in violation of the False Claims Act, 31 U.S.C. § 3730(h) (the "FCA"), the New Jersey Conscientious Employee Protection Act ("CEPA"), and applicable New Jersey law.

On November 11, 2025, Defendants filed a Motion for Summary Judgment to Compel Arbitration and Dismiss the Complaint (Document 26). The Certification of Thomas F. Quinn, Esq. ("Quinn Cert."), ¶ 2. As part of the Summary Judgment motion, Defendants filed all the exhibits of the Certification of Thomas R. Manisero, Esq. under seal and pages 2-16 of Exhibit B of the Certification of Jeffrey Gittler, CPA under seal. Defendants now seek to seal these documents through the instant motion.

### LEGAL ARGUMENT

**PURSUANT TO L. CIV. R. 5.3(C), DEFENDANTS SHOULD BE PERMITTED TO SEAL ALL THE CERTIFICATIONS OF THOMAS R. MANISERO, ESQ. AND PAGES 2-16 OF EXHIBIT B OF THE CERTIFICATION OF JEFFREY GITTLER, CPA.**

L. Civ. R. 5.3(c) allows the Court to permit a party to seal, or otherwise restrict public access to, any materials or judicial proceedings upon request by formal motion made pursuant to L. Civ. R. 7.1. In particular, L. Civ. R. 5.3(c)(2) requires that any motion to seal or otherwise restrict public access shall describe (a) the nature of the

1

materials or proceedings at issue, (b) the legitimate private or public interests which warrant the relief sought, (c) the clearly defined and serious injury that would result if the relief sought is not granted, and (d) why a less restrictive alternative to the relief sought is not available.

Bright v. Asset Acceptance, Inc., 292 F.R.D. 190, 203 (D.N.J. 2013). A protective order may be sought to protect a business entity from revealing names of clients or financial information that is relevant for discovery purposes but not of public import. Bright, 292 F.R.D. at 203, quoting Glenmede Trust Co. v. Thompson, 56 F.3d 476, 487 n.19 (3d Cir. 1995).

The exhibits of the Certification of Thomas R. Manisero, Esq. contain the following:

| | |
|---|---|
| Exhibit 1 | Income Partner Agreement |
| Exhibit 2 | Non-Solicitation Agreement |
| Exhibit 3 | Confidentiality Agreement |
| Exhibit 4 | Income Partner Earnings Agreement |
| Exhibit 5 | The letter that was mailed to Mr. Manisero on December 17, 2024 from the defense counsel in Andriola v. Ferriera Construction Co. Inc. et al., Civ. No. 23-cv-03834 (GC-JBD) venued in the United States District Court of New Jersey |
| Exhibit 6 | A letter from Mr. Manisero to Plaintiff dated January 31, 2025 in which PKFOD suspended Plaintiff |
| Exhibit 7 | A letter from Mr. Manisero to Plaintiff dated August 12, 2025 in which PKFOD notified Plaintiff that he was terminated by PKFOD |
| Exhibit 8 | The Partner Services Agreement that Plaintiff entered into with PKFOD Holdings, LLC on November 10, 2024 |

|  | ("2024 PSA"); it contains a mandatory arbitration provision |
|---|---|
| Exhibit 9 | Another agreement that Plaintiff entered into with Defendant PKF O'Connor Davies, LLP on November 10, 2024 entitled the "PKF O'Connor Davies, LLP Third Amended and Restated Limited Liability Partnership Agreement; it contains a mandatory arbitration provision |

Pages 2-16 of Exhibit B of the Certification of Jeffrey Gittler CPA is regarding PKFOD's Audit Report issued on or about March 3, 2021 with respect to the Variable Energy Services ("VES") for the year ended December 31, 2020 (the "VES 2020 Audited Financial Statements") and contains VES' balance sheet, statement of operations, statement of members' capital, statement of cash flows, and notes to financial statements.

> As an initial matter, the Court notes that while litigants have an interest in privacy, the public also has a right to obtain information about judicial proceedings. Pansy v. Borough of Stroudsburg, 23 F.3d 772, 786 (3rd Cir. 1994). In order to rebut the presumption of public access, the party seeking confidentiality must demonstrate "good cause" by establishing that disclosure will cause a "'clearly defined and serious injury to the party seeking closure.'" Id. (quoting Publicker Indus., Inc. v. Cohen, 733 F.2d 1059, 1071 (3d Cir. 1984)). "'Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning,' do not support a good cause showing." Id. (quoting Cipollone v. Liggett Group, Inc., 785 F.2d 1108, 1121 (3d Cir. 1986), *cert denied*, 484 U.S. 976, 108 S. Ct. 487, 98 L. E. 2d 485 (1987)).

Bertolotti v. AutoZone, Inc., 132 F. Supp. 3d 590, 609 (D.N.J. 2015).

3

325202169v.3

Public access to litigation documents should be denied when the use of such documents may become a "vehicle for improper purposes." In re Cendant Corp., 260 F.3d at 194. All exhibits of Mr. Manisero's certification are internal documents specific to Defendants, including business secrets of various partner agreements and confidential correspondences concerning VES or the employment dispute of Plaintiff. Defendants have a legitimate privacy interest in protecting these documents from public access. Defendants' competitors may access the various partnership agreements of Defendants and cause harm to Defendants in the marketplace. Further, courts have traditionally protected sensitive financial information such as trade secrets from public disclosure. Publicker Industries, Inc. v. Cohen, 733 F.2d 1059, 1074 (3d Cir. 1984). The various partnership agreements and correspondences qualify as trade secrets and should therefore be prevented from public disclosure. In addition, these business agreements and correspondences could not be redacted because the entire documents contain business secrets.

Courts have traditionally protected sensitive financial information such as trade secrets from public disclosure. Publicker, 733 F.2d at 1074. Pages 2-16 of Exhibit B of the Certification of Jeffrey Gittler CPA contain VES' balance sheet, statement of operations, statement of members' capital, statement of cash flows, and notes to financial statements. Without a doubt, the above information of non-party VES is of a sensitive nature, and releasing such information could cause harm to

4

VES' competitive standing in the marketplace. Competitors of VES would have access to sensitive information that could be used against them in the marketplace. Sealing pages 2-16 of Exhibit B is the least restrictive means available, and sealing these pages does not interfere with the litigation. Because these pages, as a whole, contain sensitive information, redaction is not a viable alternative to sealing.

## CONCLUSION

For all the foregoing reasons and authorities cited, Defendants' motion to seal must be granted.

Respectfully submitted,

**WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP**
*Attorneys for Defendants, PKFOD Holdings LLC, PKF O'Connor Davies, LLP, and PKF O'Connor Davis Advisory, LLC*

By:   /s/   *Thomas F. Quinn*
Thomas F. Quinn, Esq.
7 Giralda Farms
Madison, NJ 07940
Tel: (973) 624-0800
Fax: (973) 624-0808
thomas.quinn@wilsonelser.com

Dated: December 9, 2025

5

325202169v.3